445 P.2d 773

Vivian R. HARMON, Plaintiff and
Appellant,

v.

SPROUSE–REITZ COMPANY, Inc., a cor-
poration, Defendant and Respondent.

No. 11200.

Supreme Court of Utah.

Oct. 8, 1968.

George H. Searle, Salt Lake City, for appellant.

Jay E. Jensen, of Christensen & Jensen, Salt Lake City, for respondent.

HENRIOD, Justice:

Appeal from a judgment entered on a jury verdict of no cause of action, in a case where plaintiff claimed damages after having struck her foot on an elevated display platform in one of the aisles of defendant's variety store. Affirmed. No costs awarded.

■ Mrs. H entered the S store about dusk in January, to buy a birthday card. As she turned to leave and after having taken a few steps, allegedly she caught her toe under the display platform (about four inches high) and fractured her foot. The store was well lighted, but it is contended that the display platform was of a color that more or less blended with the floor. Nevertheless, the flat and colored photographs of the area were such as may have impressed a jury that the platform could have been seen by anyone with average vision, had that person looked. On such controverted evidence, we cannot say the venire was wrong, so we affirm the jury's verdict in this respect.

■ Withal this, however, Mrs. H says: that 1) Exhibit No. 13, being a statement made shortly after the accident, written in an adjuster's handwriting but signed by Mrs. H, was inadmissible, when, although admitting most of the statements therein, she denied some of them; that 2) Mrs. H's counsel was denied the privilege of reading to the jury the instructions given a few minutes earlier by the court orally and in writing; that 3) certain of plaintiff's requested instructions erroneously were not given; and that 4) an instruction given by the court was improper,—all of which plaintiff claimed constituted prejudicial error.

Canvassing 3) and 4) above, we are unconvinced that such urgence is well taken, since the 26 instructions given were correct, and substantially covered, when taken as a whole, the instructions requested by the plaintiff.

■ As to 2) above, we think Mrs. H's counsel presents the most important and impressive point on appeal: That Mrs. H's counsel, after reading several instructions given by the court, was cut short from simply reading more of them, but could comment on them. Counsel for Mrs. H says that because the court did not set a

time limit for argument to the jury, the court thereafter could not limit him. When the court stopped the continued reading by counsel of instructions which minutes before had been given orally and in writing,—and after over 30 minutes of dialogue, we would be amiss to say, with the burdened calendars of the District Court, that a District Judge, because he had not set a time limit on argument, must of necessity allow a counsellor to take whatever time he chose, be it ever so protracted. The record reveals nothing to indicate that the trial court did anything in abusing its discretion, after 30 minutes' argument by plaintiff's counsel consumed in large part by reading of instructions almost simultaneously given by the court. The trial court told Mrs. H's counsel that he could comment on any instruction, but not simply read them further,—and we think the trial court, in its discretion, need not be required to permit counsel to read instructions ad infinitum.

■ Ordinarily counsel should be permitted to read instructions and argue their applicability to the facts, or lack thereof. But from the record here, it appears that the trial court reasonably and in his discretion could have restricted argument to 30 minutes, and we see no prejudicial error in the court's directing the time and course of the trial.

As to 3) above, an examination of the record reflects that the trial court gave stock and other instructions that covered the facts and law of this case, and without detailing what we think were abortive complaints of Mrs. H re instructions, we cannot but conclude that complaints anent thereto are not well taken.

■■ We do state a caveat: That if a trial court *unreasonably* prevents a counsellor from reading and commenting on instructions, it could be prejudicial error. On the other hand we pose another caveat that counsel cannot set his own time for argument, although the trial court has not set the time in hours, minutes or seconds.

■ As to 4): We cannot see where the court erred in instructing the veniremen that any reference in the evidence as to defendant's having insurance was not an issue for the jury and should not be considered by them in their deliberations.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (dissenting).

I dissent.

The plaintiff was cross-examined regarding a written statement consisting of two pages in the handwriting of a person not before the court. She had signed the second page of the statement but denied making the statements on the first page or

of ever having signed a document in which they were incorporated. This page of the purported statement contained an admission that the plaintiff saw the platform and knew of its potential dangers. The person who wrote the statement was not called as a witness. In my opinion it was error to admit it into evidence for the consideration of the jury without first having some proof that plaintiff had made the statements contained therein.

I also think the court erred in not permitting counsel to pursue his argument as he saw fit. This is not a case where counsel was limited as to his time. He was not required to close his argument. He was merely forbidden to read to the jury the instructions given by the court.

In the interest of time a judge may limit counsel, but until some time limitation is placed on him, I do not think a court should undertake to direct him as to how his argument should be made.

The court reads all of his instructions at once, those favorable to the defendant as well as to the plaintiff. If counsel is not limited as to his time, I think he ought to be permitted to read those instructions which he considers favorable to his cause and then to emphasize them by argument. In this case counsel for appellant was prevented from doing this, although there was no time limit set to his argument. A lawyer is apt to be at a disadvantage when he must make his argument the way the judge directs rather than the way he has planned it. I think error was committed in this regard and may have adversely affected the verdict.

I believe a new trial should be given.